THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOHN T. RONEY, Defendant.

Supreme Court, Yates County, September 10, 1928.

Fish and game — action for penalty for violation of Conservation Law, § 380, subd. 20 — defendant charged with fishing with line containing more than fifteen hooks — triple hook considered as one hook — defendant was rowing boat from which another was fishing — defendant not guilty — defendant not liable, under Conservation Law, § 380, subd. 26, for counseling and aiding another in violation.

This is an action to recover a penalty for violation of subdivision 20 of section 380 of the Conservation Law, in that the defendant was engaged in fishing with a line containing more than fifteen hooks.

In determining whether or not a line contains more than fifteen hooks, triple hooks are to be considered as one hook.

The defendant was not actually engaged in fishing but was rowing a boat from which another was fishing, and he cannot, therefore, be convicted of a violation of the section and subdivision mentioned.

He may not be found guilty under subdivision 26 of section 380 of the Conservation Law, in that he counselled or aided the other person in violating the statute, for to do so would be to find him guilty of a violation not charged, and, furthermore, there is no evidence that he knew the one actually fishing was violating the law.

MOTION by the plaintiff to set aside the verdict of the jury and for a new trial.

*Albert Ottinger, Attorney-General [Humbert J. Umbertini, Assistant Attorney-General],* for the People.

*H. C. & H. B. Harpending [John E. Sheridan* of counsel], for the defendant.

CUNNINGHAM, J. This action is brought to recover a penalty for the violation of the Conservation Law. The complaint alleges that the defendant wrongfully and unlawfully engaged " in angling with a line containing forty-eight hooks." The statute defines angling as " taking fish by hook and line in hand or rod in hand not exceeding two lines with or without rod to one person and not exceeding fifteen hooks to a line." (Conservation Law, § 380, subd. 20, as amd. by Laws of 1926, chap. 355.)

The defendant, who is a minister of the Gospel, was rowing a boat from which his brother-in-law was fishing. The angler had one line upon which there were five Seth Green rigs with five baits, designed to catch not more than five fish. Two of the rigs had three triple hooks on each. The other three rigs had each three triple hooks and in addition a single hook. A triple hook has three points upon it but only one shank and one eye and is attached to the line by one leader, and upon such a hook only one

fish may be caught at a time. The plaintiff contends that this must be counted as three hooks. However, a triple hook is purchased as a single article and is paid for as such. A triple hook, a snatch hook and a spoon hook, each containing three or more points, are well known to all fishermen and to all dealers in such articles.

The Legislature, in enacting the law, must have known that many hooks were sold which contained more than one point.

I am of the opinion that each triple hook should be counted as only one hook. However, it does appear that the angler involved in this case had three extra hooks upon his line, making a total of eighteen, and thus has violated the law.

The complaint in this case charged the defendant with angling and the plaintiff attempted to prove that the defendant was actually fishing. However, the evidence conclusively shows that the defendant was not fishing, but he did admit that he was rowing the boat containing the fisherman.

Plaintiff now claims that it should succeed because the defendant was assisting in a violation of the law, but this is a different offense from that with which he was charged. It is provided that " A person who counsels, aids or assists in a violation of any of the provisions of this article, or knowingly shares in any of the proceeds of said violation by receiving or possessing either fish, birds or game shall be deemed to have incurred the penalties provided in this article against the person guilty of such violation." (Conservation Law, § 380, subd. 26.)* That this is a different offense is shown by the wording of the statute enacting that a person counseling a violation shall incur the same penalties as " the person *guilty* of such violation."

The judgment should follow the pleading and the proof. (*Carter, Macy Co., Inc.,* v. *Matthews,* 220 App. Div. 679, 685; affd., 247 N. Y. 532.)

The plaintiff having charged and attempted to prove that the defendant was angling, and having failed to prove that allegation, may not now be permitted to recover upon a different ground from that asserted. Furthermore, the use of the word " counsels " shows that the Legislature intended that a man to be guilty of aiding or assisting in a violation must do so knowingly. This would import " a knowledge that the facts exist which constitute the act or omission a crime, and does not require knowledge of the unlawfulness of the act or omission." (Penal Law, § 3, subd. 4.)

There is no evidence in this case from which it may be found that the defendant knew how many hooks his brother-in-law had on the line with which he was fishing.

The motion is denied, with ten dollars costs.

* Added by Laws of 1912, chap. 318.— [REP.